IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT TOWNSEND,<br><br>*Plaintiff,*<br><br>v.<br><br>ALEX AZAR II, in his official capacity as the Secretary of the Department of Health and Human Services,<br><br>*Defendant.* | Case No. 20-cv-1210 (ALC)<br><br>(Hon. Andrew L. Carter)<br><br>Electronically Filed |

---

## PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

---

Geoffrey G. Young
**REED SMITH LLP**
599 Lexington Avenue
New York, NY 10022
212-521-5400

*Attorney for Plaintiff*
*Robert Townsend*

Dated: August 3, 2020

## TABLE OF CONTENTS
Page

**I.** Separate Statement of Undisputed Facts ............................................................. 1

**II.** Standing ............................................................................................................... 1

**III.** Discussion ........................................................................................................... 3

    A. Collateral Estoppel is Presumed to Apply to Medicare Cases ...................... 3

        1. The Issue Sought to Be Precluded is Identical
           to That Raised in Previous Proceedings ................................................ 5

        2. The Issue was Actually Litigated and Decided
           in the Prior Proceedings ......................................................................... 6

        3. There was a Full and Fair Opportunity to Litigate
           in the Prior Proceedings ......................................................................... 6

        4. The Resolution of the Issue was Necessary to Support
           Valid and Final Judgments on the Merits ............................................. 7

    B. The Record and Standard of Review ............................................................. 7

    C. Collateral Estoppel May Be Based on Later Issued Decision ...................... 9

    D. The Secretary's Other Comments. ................................................................. 9

        1. The Secretary's Comments on "Precedential" Decisions
           and Collateral Estoppel are Misguided ................................................. 9

        2. Collateral Estoppel Would Not Interfere with Discretion ..................... 9

        3. The Secretary's Comments Regarding Appeal Volumes ..................... 11

**IV.** Conclusion ........................................................................................................ 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adkins v. Nestle Purina Petcare Co.*,
   779 F.3d 481 (7th Cir. 2015) ..................................................................................................8

*Almy v. Sebelius*,
   679 F.3d 297 (4th Cir. 2012) ...................................................................................................5

*Anderson v. Sebelius*,
   No. 5:09-cv-16, 2010 WL 4273238 (D. Vt. Oct. 25, 2010) ......................................................3

*Astoria Federal Savings and Loan v. Solomino*,
   501 U.S. 104 (1991) ......................................................................................................3, 4, 5, 9

*B & B Hardware, Inc. v. Hargis Indust., Inc.*,
   575 U.S. 138 (2015) ...............................................................................................................10

*BFP v. Resolution Trust Corp.*,
   511 U.S. 531 (1994) .................................................................................................................4

*Bock v. Pressler & Pressler, LLP*,
   254 F.Supp.3d 724 (D. N.J. 2017) ...........................................................................................2

*Bowen v. Massachusetts*,
   487 U.S. 879 (1988) .................................................................................................................9

*Christenson v. Azar*,
   Case No. 20-cv-00194 (Jul. 6, 2020) .......................................................................................5

*DeWall Enterprises, Inc., v. Thompson*,
   206 F. Supp. 2d 992 (D. Neb. 2002) ........................................................................................5

*Friedman v. Sebelius*,
   686 F.3d 813 (D.C. Cir. 2012) .................................................................................................8

*Golden Hill Paugussett Tribe of Indians v. Rell*,
   463 F. Supp. 2d 192 (D. Conn. 2006) ..................................................................................7, 8

*Green v. Block Laundry Machine Co.*,
   490 U.S. 504 (1989) .................................................................................................................4

*Heckler v. Ringer*,
   466 U.S. 602 (1984) .................................................................................................................2

*Int'l Rehab Sci. Inc. v. Sebelius*,
 688 F.3d 994 (9th Cir. 2012) ...................................................................................5

*Linda R.S. v. Richard D.*,
 410 U.S. 614 (1973)................................................................................................2

*Longobardi v. Bowen*,
 No. H-87-628 (MJB), 1988 WL 235576 (D. Conn. Oct. 25, 1988) .........................3

*Opoka v. INS*,
 94 F.3d 392 (7th Cir. 1996) .....................................................................................7

*Parklane Hosiery Co. v. Shore*,
 439 U.S. 322, 330 (1979) ......................................................................................10

*Porzecanski v. Azar*,
 943 F.3d 472 (D.C. Cir. 2019)................................................................................9

*Ryan v. Burwell*,
 No. 5:14-cv-00269, 2015 WL 4545806 (D. Vt. July 27, 2015)...............................3

*Spokeo, Inc. v. Robins*,
 136 S. Ct. 1540 (2016)........................................................................................2, 3

*Taransky v. Sec. of U.S. Dept. of Health & Human Servs.*,
 760 F.3d 307 (3d Cir. 2014)....................................................................................5

*U.S. v. Texas*,
 507 U.S. 529 (1993)................................................................................................4

*Warth v. Seldin*,
 422 U.S. 490 (1975)................................................................................................2

**Statutes**

42 U.S.C. § 405(g) ..............................................................................................2, 7, 8

42 U.S.C § 1395ff(a)(1)(A) .......................................................................................2

42 U.S.C. § 1395ff(d)(2)(B) ......................................................................................4

42 U.S.C. § 1395pp....................................................................................................3

**Rules**

Local Rule 56.1 ..................................................................................................1, 5, 6

Local Rule 56.1(c) .....................................................................................................1

**Regulations**

42 C.F.R. §§ 405.1100-1140 ................................................................................................. 6

42 C.F.R. § 405.1110 ..................................................................................................... 6, 10

42 C.F.R. § 411.404(b) ........................................................................................................ 3

Plaintiff Robert Townsend respectfully files this reply to the opposition of Defendant Alex Azar, in his official capacity as Secretary of Health and Human Services (the "Secretary"), regarding Mr. Townsend's motion for summary judgment. Mr. Townsend's motion should be granted, the Secretary's motion denied, and this case remanded to the Secretary with instructions to provide for coverage.

## I. SEPARATE STATEMENT OF UNDISPUTED FACTS

The Secretary's opposition did not specifically deny any of Plaintiff's Undisputed Facts in the Local Rule 56.1 Statement. The Secretary's claim that a statement of undisputed facts is not required in Administrative Procedure Act cases (Dkt. No. 25 ("Def. Opp.") at 3-4) is without basis. No such exception appears in the local rules or this Court's specific rules. Accordingly, pursuant to Local Rule 56.1(c), Mr. Townsend's facts regarding the elements of collateral estoppel may be deemed admitted and the Secretary's motion for summary judgment should be denied.

## II. STANDING

Mr. Townsend incorporates by reference his arguments with regard to standing in his Opposition. Dkt. No. 27 ("Pl. Opp.") at 1-4. The Secretary contends that Mr. Townsend lacks standing as ALJ Butler did not find Mr. Townsend liable for the cost of the device under the Medicare program. *See* Def. Opp. at 6. Even if Mr. Townsend had no economic injury, Mr. Townsend has standing because he has been denied his statutory right to Medicare benefits and that, in and of itself, confers an injury. Mr. Townsend could be personally liable for future claims.

Congress may create a statutory right or entitlement, the alleged deprivation of which can confer standing to sue even where the plaintiff would have suffered no judicially cognizable injury in the absence of the statute. *See Warth v. Seldin*, 422 U.S. 490, 514 (1975). With respect to

certain statutes, the alleged violation of a statutorily created right is sufficient injury in fact to give rise to Article III standing. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 617 n. 3 (1973). Thus, in these instances, the denial of a statutory right is the touchstone of standing. A "bare procedural violation" is not sufficient to create standing. *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1550 (2016).

Medicare benefits are an entitlement created by Congress, the denial of which confers standing. *See* 42 U.S.C. § 405(g) ("Any individual … may obtain a review of such decision"); 42 U.S.C § 1395ff(a)(1)(A) ("whether an individual is entitled to benefits"); *Heckler v. Ringer*, 466 U.S. 602, 620 (1984) ("the Medicare Act provides both the substance and the standing for [the plaintiff's] claim"). As Mr. Townsend has been denied his congressionally created entitlement to Medicare coverage, he has suffered an injury that can be redressed by a coverage decision. The Secretary's effort to rely on the Supreme Court's decision in *Spokeo* is misplaced. As detailed in *Spokeo*, the mere violation of a "procedural right" *may* not be sufficient to confer standing. *Spokeo,* 136 S.Ct. at 1549. That said, there is a difference between a "procedural right" and a "substantive right." As cogently explained by one court:

> A "procedural right" is defined as "a right that derives from legal or administrative procedure; a right that helps in the protection or enforcement of a substantive right." In contrast, a "substantive right" is "a right that can be protected or enforced by law; a right of substance rather than form."

*See Bock v. Pressler & Pressler, LLP*, 254 F. Supp. 3d 724, 732 (D.N.J. 2017) (internal citations and quotations omitted). Here, as set forth in the Complaint, Mr. Townsend alleges a violation of his substantive right to payment of his Medicare claim. That the Secretary asserts someone other than Medicare should bear the expense of the claim does not change the violation of Mr. Townsend's substantive right to Medicare payment. Thus, again, Mr. Townsend has standing. As noted (Pl. Opp. at 3), two courts in this Circuit rejected the notion that economic injury is a

requirement for standing in Medicare claim denials.[1]

Pursuant to 42 U.S.C. § 1395pp(b) and (c), if a claim is denied and not reversed, then on subsequent claims, the beneficiary may be liable. *See also* 42 C.F.R. § 411.404(b). In this case, as in *Ryan*, Mr. Townsend suffers from a chronic/incurable condition and will need tumor treatment field therapy (TTFT) treatment indefinitely. That Mr. Townsend will have subsequent claims is therefore not speculative. For example, if a future claim by Mr. Townsend is denied, he may be personally liable under 42 U.S.C. § 1395pp because of the denial in this case and, in that future case, Mr. Townsend would not be able to challenge the correctness of the decision in this case. This is a present harm. Considered differently, Mr. Townsend suffers "the risk of real harm" and therefore has standing. *Spokeo*, 136 S.Ct. at 1549.

## III. DISCUSSION

### A. Collateral Estoppel is Presumed to Apply to Medicare Cases

The Secretary selectively quotes from *Astoria Federal Savings and Loan v. Solomino*, 501 U.S. 104, 108 (1992) (Def. Opp. at 7 n. 4), ignoring that there is a presumption that collateral estoppel applies in administrative cases, such as here. As noted in Mr. Townsend's briefs, there is a presumption that common law principles such as collateral estoppel apply to agencies when they act in a "judicial capacity." *Astoria*, 501 U.S. at 108 (1991) ("[W]here a common-law principle is well established, as are the rules of preclusion, the court may take it as a given that Congress has legislated with an expectation that the principle will apply except when a statutory purpose to the contrary is evident.") (internal citations and quotations omitted).

As explained in *U.S. v. Texas*, "*statutes* which invade the common law are to be read with

---

[1] *See, e.g., Ryan v. Burwell*, No. 5:14-cv-00269, 2015 WL 4545806, at *5-7 (D. Vt. July 27, 2015); *Anderson v. Sebelius*, No. 5:09-cv-16, 2010 WL 4273238, at *3 (D. Vt. Oct. 25, 2010); *Longobardi v. Bowen*, No. H-87-628 (MJB), 1988 WL 235576, at *2 (D. Conn. Oct. 25, 1988).

3

a presumption favoring the retention of long-established and familiar principles, except where a *statutory* purpose to the contrary is evident." 507 U.S. 529, 534 (1993) (internal citations and quotations omitted, emphasis added). "In order to abrogate a common-law principle, the *statute* must 'speak directly' to the question addressed by the common law." *Id*. (internal citations and quotations omitted, emphasis added). Moreover, if the text of the statute is "compatible with preexisting practice", the presumption is not overcome. *See BFP v. Resolution Trust Corp.*, 511 U.S. 531, 543 (1994). The party asserting that a statute abrogates common law bears the burden of overcoming the presumption. *See, e.g., Green v. Block Laundry Machine Co.*, 490 U.S. 504, 521 (1989).

The Secretary has not carried his burden to rebut the presumption of the application of collateral estoppel to Medicare cases. As explained in *Astoria*, *U.S. v. Texas*, and *Green,* the focus regarding the presumption is on congressional/legislative intent, *not* the intent of the Secretary. *Astoria*, 501 U.S. at 109-10 ("absent clearly expressed congressional intent to the contrary"; "consistent with Congress' intent"); *U.S. v. Texas*, 507 U.S. at 535 ("an expression of legislative intent to supplant"); *Green*, 490 U.S. at 521 ("legislature intended such a change").

The only statute that the Secretary has pointed to refers to Council consideration of ALJ appeals "*de novo*." Def. Opp. at 8 (citing 42 U.S.C. § 1395ff(d)(2)(B)). Mr. Townsend addressed the meaning of *de novo* review and the fact that it does not "speak directly" to the issue of collateral estoppel or evidence a statutory purpose to the contrary in his opposition. Pl. Opp. at 8-9. Indeed, *de novo* review is "compatible with the preexisting practice" of collateral estoppel. *See BFP*, 511 U.S. at 543. The Secretary does not cite to any statute that changes the common law presumption of collateral estoppel, but rather cite to regulations (Def. Opp. at 8). Regulations are not statutes. Accordingly, the presumption of the common law principle of collateral estoppel is not overcome.

In defying the Supreme Court's rule as explained in *Astoria* and stating that collateral estoppel does not apply in administrative cases, the Secretary again cited cases from the Provider Reimbursement Review Board (PRRB). Def. Opp. at 10. As noted (Pl. Opp. at 18), the PRRB is not an instance of the Department acting in a "judicial capacity" and its caselaw is irrelevant.[2]

By contrast, as noted (Pl. Opp. at 10), another court has supported the use of estoppel against the Secretary, highlighting a lack of caselaw supporting the Secretary's position that he cannot be bound by prior decisions for claims of the same plaintiff for the same device.[3] *DeWall Enterprises, Inc., v. Thompson*, 206 F. Supp. 2d 992, 1001 (D. Neb. 2002) ("the Secretary is simply not free to inconsistently interpret its own rules and regulations and to continue to run a claimant through a never-ending gauntlet in pursuit of his rights."). The Secretary did not rebut the presumption of the application of collateral estoppel.

### 1. The Issue Sought to Be Precluded is Identical to That Raised in Previous Proceedings

Mr. Townsend set forth undisputed facts in compliance with LR 56.1. Several of those facts relate to what issues were the subject of the decisions of ALJs Krane, Tyler, Gates, and Butler. *See* Dkt. No. 20, Undisputed Fact Nos. 10, 21, 28, and 37. Those facts state identical issues for each decision. The Secretary has admitted these as he did not specifically dispute them.

The Secretary has not shown that there is a material difference between TTFT coverage for Mr. Townsend between, e.g., April 2018 (when ALJ Tyler found it was covered), August 2018

---

[2] The citations to *Almy v. Sebelius*, 679 F.3d 297 (4th Cir. 2012) and *Int'l Rehab Sci. Inc. v. Sebelius*, 688 F.3d 994, 1001 (9th Cir. 2012) are inapposite. *See* Pl. Opp. at 19. *Taransky v. Sec. of U.S. Dept. of Health & Human Servs.*, 760 F.3d 307, 319 (3d Cir. 2014) is inapt as it relates to decisions in different disputes between different parties.

[3] The Secretary cited to a non-final decision regarding the applicability of collateral estoppel. *Christenson v. Azar*, Case No. 20-cv-00194 (July 6, 2020). The court is currently considering the plaintiff's Motion for Reconsideration, based on manifest errors of law. *See* Declaration of Geoffrey G. Young, dated August 3, 2020, Ex. A.

(when ALJ Butler found it was not covered), and November 2018 (when ALJ Gates found it was covered again). There is no evidence that TTFT became less "medically reasonable and necessary" for Mr. Townsend or less of a Medicare benefit in the passage of a few months (and then medically necessary again due to the passage of time). The fact that each decision describes months it relates to says nothing about whether the same issues were at stake. The identical issues were at stake.

### 2. The Issue was Actually Litigated and Decided in Prior Proceedings

The Secretary asserts that the same issue was not actually litigated in the prior proceeding for the same reason the Secretary asserts identical issues were not at stake. – i.e., each decision concerns different months of coverage and each decision resulted from a specific submission of evidence. Def. Opp. at 11. That claim is addressed above and Mr. Townsend established that the issues of "medically reasonable and necessary" and "Medicare covered benefit" were actually litigated and decided before ALJs Krane, Tyler, Gates, and Butler. *See* Dkt. No. 20, Undisputed Fact Nos. 11-12, 22-23, 38-39, 29-30. As specific disputes were not raised by the Secretary in his response to Plaintiff's LR 56.1 Statement, the facts are deemed admitted.

### 3. There Was a Full and Fair Opportunity to Litigate

As shown, where the beneficiary is represented, as Mr. Townsend was in all three final favorable cases, the Secretary has the full panoply of rights of a litigant. Dkt. No. 18 ("Pl. Br.") at 19-20. Accordingly, the Secretary had all the rights of any litigant, including a full and fair opportunity to litigate and the right to appeal. See 42 C.F.R. §§ 405.1100-1140. Indeed, regardless of what the Secretary chose to do before the ALJ, the Secretary could have appealed on so-called "own motion review." See 42 C.F.R. § 405.1110. It is untrue to say that the Secretary had a limited opportunity to appeal. Def. Opp. at 11. That the Secretary choose not to take advantage of these rights does not preclude the application of collateral estoppel.

6

### 4. The Resolution of the Issue was Necessary to Support Valid and Final Judgments on the Merits

The Secretary's opposition does not address this element of collateral estoppel. Mr. Townsend incorporates by reference the argument set forth in his opposition regarding this element. Pl. Opp. at 14-15. Essential to the prior, final judgments was a determination that TTFT was "medically reasonable and necessary." Each judge explicitly decided the sub-issue of medical reasonableness and necessity. Dkt. No. 20, Undisputed Fact Nos. 11, 22, 39, 28. These facts were not specifically disputed by the Secretary and are therefore deemed admitted.

### B. The Record and the Standard of Review

The Secretary specifically objected to the inclusion of ALJ Cohn-Morros' decision. *See* Def. Opp. at 5. Mr. Townsend notified this Court that the decision was appealed and is not final.

The Court may consider the other materials as set forth in Mr. Townsend's motion. *See* Pl. Br. at 13-14. Judicial notice of other proceedings/decisions giving rise to collateral estoppel is common. In similar circumstances, the Seventh Circuit took judicial notice of other proceedings to vacate an agency determination. *See* Pl. Br. at 13-14; *Opoka v. INS*, 94 F.3d 392 (7th Cir. 1996) (court took judicial notice of later proceedings to vacate and remand a Board of Immigration Appeals decision, the review of which was limited to the record before it). *See also* Pl. Br. at 14 (in *Golden Hill Paugussett Tribe of Indians v. Rell*, 463 F. Supp. 2d 192, 197 (D. Conn. 2006), the court took judicial notice of a Board of Indian Appeals decision that issued after the immediate case was filed). Pursuant to 42 U.S.C. § 405(g), this Court may base its decision "upon the pleadings and transcript of the record." Thus, this Court can consider the materials cited by Mr. Townsend as part of the "pleadings" or simply as facts with independent legal significance.

The Secretary's statements regarding the standard of review are incomplete. Def. Opp. at 3. As set forth in 42 U.S.C. § 405(g), only the factual conclusions of the Secretary are subject to

7

the "substantial evidence" standard. In all other respects, the Secretary's decision is reviewed using any standard under the Administrative Procedure Act/federal law. *See, e.g., Friedman v. Sebelius*, 686 F.3d 813, 826-27 (D.C. Cir. 2012). Likewise, as detailed (Pl. Br. at 13-14), this Court may take judicial notice of matters related to collateral estoppel. The "transcript of the record" includes all proceedings before the Department, including those before the Departmental Appeals Board ("DAB"). As the Secretary admits, the decisions of ALJs Krane, Tyler, and Gates are part of the record. *See* Def. Opp. at 5; CAR 1407-1428, 45-57, 6-18. Thus, the Court may consider each of the ALJs' decisions as part of the "record", in addition to the Court's power to take judicial notice. The Court's review is not limited to the facts known to ALJ Butler.

### C. Collateral Estoppel May Be Based on a Later-Issued Decision

As set forth, where there is parallel/concurrent litigation, whichever case reaches finality first may have preclusive effect on the other (even first filed) litigation that is ongoing. Pl. Br. at 3, 14, 17. *See also Adkins v. Nestle Purina Petcare Co.*, 779 F.3d 481, 484 (7th Cir. 2015); *Golden Hill Paugussett Tribe of Indians,* 463 F. Supp. 2d at 197 (D. Conn. 2006). The Secretary's position is contrary to, *e.g.*, the Supreme Court's decisions in *Kline* and *Elder*. Pl. Br. at 3, 17; Pl. Opp. at 7. Thus, the Secretary's claim that collateral estoppel cannot apply because the final ALJ Gates decision issued after the non-final ALJ Butler decision (Def. Opp. at 5-6) is without basis.

### D. The Secretary's Other Comments

#### 1. The Secretary's Comments on "Precedential" Decisions Are Misguided

The Secretary continues to conflate "precedential" decisions and collateral estoppel. Def. Opp. at 8. This reflects a fundamental misunderstanding of the distinct legal concepts. As noted previously (Pl. Opp. at 16-17), a "precedential" decision is binding on all lower courts/decision makers, regardless of the parties before the lower court/decision maker. "Collateral estoppel"

8

focuses on the issues and parties to an earlier litigation and binds those parties in a subsequent litigation of the same issues regardless of the level of review, if any. "Precedence" and "collateral estoppel" are distinct legal concepts and "precedence" has no bearing on this case.

### 2. Collateral Estoppel Would Not Interfere With Discretion

The Secretary presents a broad argument that his actions are immune from the opinions of the Supreme Court (*Astoria* and *Utah Construction*) or any legal principles because that would interfere with the Secretary's "discretion" to implement the Medicare Act. Def. Opp. at 7-8.

Where the Secretary has elected to proceed by individual adjudication (Def. Opp. at 8), applying collateral estoppel would not interfere therewith. Instead, it would mean that collateral estoppel may or may not apply as to that particular plaintiff in that individual adjudication. Collateral estoppel does not interfere with the discretion to implement the Medicare Act.[4]

Similarly, the Secretary offers comments regarding "future claims" and the requirement to channel them through the claims process. Def. Opp. at 9, 13. These comments misapprehend the basis of this case and the relief sought. Mr. Townsend seeks a determination regarding the claims that are the subject of ALJ Butler's decision and seeks no relief with respect to his "future claims".

Likewise irrelevant are the Secretary's comments regarding *Porzecanski v. Azar*, 943 F.3d 472 (D.C. Cir. 2019) (Def. Opp. at 9). In *Porzecanski*, the plaintiff sought an injunction mandating coverage of any "future claims" the plaintiff might submit. *Id.* at 475 ("prospective equitable relief"). By contrast, Mr. Townsend seeks retrospective relief for denied claims.[5]

Along these same lines, the Secretary offers comments regarding the possible impact on future claims of a revised LCD that applies to services provided after September 1, 2019. Def.

---

[4] The reliance on *Avalon Place Trinity*, DAB No. 2819 (2017) is misplaced; it does not address collateral estoppel based on prior decisions for the same plaintiff for the same service.
[5] As set forth, a case like this seeks "injunctive relief" not "damages". *See Bowen v. Massachusetts*, 487 U.S. 879, 893-901 (1988).

Opp. at 13-14. These comments are irrelevant. Mr. Townsend only seeks retrospective relief.

### 3. The Secretary's Comments Regarding Appeal Volumes

In support of the purported impracticality for the Secretary to participate in hearings, the Secretary cited irrelevant appeal statistics. Def. Opp. at 12. The Secretary has not provided information on the number of represented beneficiary appeals and, therefore, there is no evidence to support the Secretary's claim. Moreover, the Secretary's claim that he would need to litigate every ALJ hearing to appeal (Def. Opp. at 12) is false. Regardless of whether the Secretary appears before the ALJ or not, the Secretary has the option to appeal. *See* 42 C.F.R. § 405.1110.

Similarly, the Secretary fails to demonstrate how the lack of incentive exception applies, with no support for the number of beneficiary appeals, beyond a vague reference to using unidentified resources devoted to hearings "towards the Medicare program" instead. Def. Opp. at 13. As explained (Pl. Opp. at 23-24), the exception is inapplicable as there is no material disparity between the amounts at stake in the decisions used for collateral estoppel and the decision being appealed, and claims will continue to be submitted as long as Mr. Townsend uses the device. *See, e.g.*, *B & B Hardware, Inc. v. Hargis Indust., Inc.*, 575 U.S. 138 (2015); *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 330 (1979).

## IV. CONCLUSION

For the reasons set forth above, Mr. Townsend's motion should be granted. The Court should hold that the Secretary is collaterally estopped from denying that TTFT is medically reasonable and necessary and a Medicare covered benefit for Mr. Townsend, reverse the decision of ALJ Butler, and remand this case with instruction to order coverage of the claims at issue. The Secretary's motion should be denied.

Respectfully submitted,

/s/ *Geoffrey G. Young*
**REED SMITH LLP**
Geoffrey G. Young
599 Lexington Avenue
New York, NY 10022
212-521-5400

*Attorney for Plaintiff
Robert Townsend*

Dated: August 3, 2020

## CERTIFICATE OF SERVICE

I, Geoffrey G. Young, certify that a true and correct copy of the foregoing Plaintiff's Reply to the Defendant's Opposition to Plaintiff's Motion for Summary Judgment was filed electronically on August 3, 2020, is available for viewing and downloading from the federal court's ECF/CM system, and will by automatically served upon registered counsel of record by ECF/CM.

> */s/ Geoffrey G. Young*
> Geoffrey G. Young